IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONNIE RANDOLPH, individually and on behalf of the classes defined herein, <br><br> Plaintiff, <br><br> v. <br><br> CROWN ASSET MANAGEMENT, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) 1 : 08 CV 3212 ) Judge Castillo ) Magistrate Judge Brown ) ) |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Lonnie Randolph respectfully requests that this Court enter an order determining that this case be certified as a class action.

Plaintiff seeks to represent three separate classes, defined as follows:

**Class One:** "all individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit in Illinois, subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the Illinois Collection Agency Act," with respect to claims stated in Counts I, II and III of plaintiff's complaint.

**Class Two:** "all individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit, in Illinois, during a period beginning June 3, 2007 (one year prior to the filing of this action) and ending June 23, 2008, in which it filed a "business records affidavit" representing that Crown was a 'holder in due course,'" with respect to claims stated in Count IV of plaintiff's complaint.

**Class Three:** "all individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit, in Illinois, during a period beginning June 3, 2003 (five years prior to the filing of this action) and ending June 23, 2008, in which it filed a "business records affidavit" representing that Crown was a 'holder in due course,'" with respect to claims stated in Count V of plaintiff's complaint.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed as counsel for each class.

In support of this motion, plaintiff states as follows:

## NATURE OF THE CASE

1.  Plaintiff claims in his complaint that defendant Crown Asset Management, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425 *et seq.* ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505 *et seq*. ("ICFA"), in connection with a collection action brought by defendant against plaintiff in state court.

2.  Briefly summarized, plaintiff alleges that on or about April 29, 2008, Crown Asset Management, LLC filed suit against him in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes. Defendant did not attach to this complaint an assignment, in writing, of that alleged debt from the original creditor, as required by ICAA §8b; on information and belief, there was no such assignment made.

3.  In addition, a "business records affidavit" attached to the complaint stated that defendant "is the holder in due course and assignee of the above-referenced account...." (Docket No. 1, Exhibit B.) Plaintiff alleges that defendant is not, in fact, a "holder in due course" under Illinois law. As it is a "debt buyer," defendant cannot be considered a holder in due course because defendant has "notice that the instrument is overdue or has been dishonored...." 810 ILCS 5/3-302. Furthermore, as the purported debt is not a "negotiable instrument," the concept of a "holder in due course" does not apply to this situation.

4.  Based on these facts, plaintiff brings five counts against defendant, as follows:

    I.  By filing a collection complaint without an assignment as required by ICAA §8b, defendant filed a complaint against plaintiff that has a complete defense, in the hope that the consumer will not raise the defense. Defendant's complaint also falsely claims that it has proper title to the debt and the right to file suit. In doing so, defendant committed a deceptive and unfair collection practice, contrary to 15 U.S.C. §§1692e and 1692f.

    **II.**    Defendant's failure to attach an assignment was in violation of ICAA §8b, as well as ICAA §9(20), which provides that collection agencies may not are prohibited from "attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist."

    **III.**    Defendant's conduct, in the course of trade and commerce, constituted an unfair and deceptive act and practice, in violation of ICFA §2.

    **IV.**    Defendant's statement that it was a "holder in due course" of plaintiff's debt was a false and misleading representation in connection with collection of a debt, contrary to 15 U.S.C. §1692e.

    **V.**    Defendant's statement that it was a "holder in due course" of plaintiff's debt violated ICAA §9(20), cited above, as well as ICAA §9(31), which bars collectors from "engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public."

5.    Defendant's conduct is not unique. There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

6.    Debts are circulated among debt buyers multiple times, so that consumers are dunned from the same alleged debt by different collectors. There are numerous reported cases involving debtors who have been subjected to litigation because they "settled" with one collector, and then had another collector claim that it owned the debt. See, *e.g.*, *Smith v. Mallick*, 514 F.3d 48 (D.C.Cir. 2008), *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918 (N.D.Ill. 2000), *Northwest Diversified, Inc. v. Desai*, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), *Wood v. M&J Recovery LLC*, 2007 U.S. Dist. LEXIS 24157 (E.D.N.Y., April 2, 2007).

7.    Debt collectors have recently brought suit against brokers who sold them debts to which the broker did not have title. See, *e.g.*, *American Acceptance Corp. v. Goldberg*, Case No. 2 : 08 CV 9, 2008 U.S. Dist. LEXIS 39418 (N.D.Ind. May 14, 2008) (default judgment entered against broker), *RMB Holdings LLC v. Goldberg & Assocs., LLC*, Case No. 3 : 07 CV 406, slip op. (Docket No. 24) (E.D.Tenn. May 29, 2008) (<u>Exhibit A</u>) (summary judgment entered against broker).

8.    In recent decisions, those attempting to satisfy debts who failed to show that they

have a right to collect on them have routinely had their claims rejected. See, *e.g.*, *In re Foreclosure Cases* (*Deutsche Bank National Trust Co. v. Moore*, Case No. 1:07 CV 2282, etc.), 2007 U.S. Dist. LEXIS 84011 (N.D.Ohio Oct. 31, 2007); *In re Foreclosure Cases* (*Citibank NA v. Stewart*, Case No. 3:07 CV 43, etc.), 521 F. Supp. 2d 650 (S.D.Ohio 2007).

9. Since January 1, 2008, Crown Asset Management has brought scores of collection actions against consumers in Cook County alone. Plaintiff claims that the actions taken against him have been taken against hundreds of consumers in Illinois, and that each of them are entitled to relief.

## CLASS CERTIFICATION REQUIREMENTS

10. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met, with respect to each class.

11. The classes are so numerous that joinder of all parties would be impractical, because

    a. this action complains of standard practices used by defendant, who use form complaints and affidavits, which never has the required assignment attached and which make the same false statements regarding its status as a "holder in due course;" and

    b. defendant has filed, since January 1, 2008, more than 80 debt collection lawsuits in Cook County, Illinois alone.

12. Plaintiff will obtain the exact number of members in each class through discovery, and requests a briefing schedule long enough to obtain such information.

13. There are questions of law and fact common to each class, which predominate over any questions affecting only individual class members.

14. With respect to Class One, the common questions are (a) whether defendant filed complaints without an assignment that complied with §8b of the Illinois Collection Agency Act, and (b) whether that violation constitutes violations of the FDCPA, ICAA and ICFA. With

respect to Class Two and Class Three, the common factual question regards defendant's claim that it was a "holder in due course" of plaintiff's debt; Class Two's legal claim is based on the FDCPA's prohibition on false and misleading representations, while Class Three's legal claim is based on a similar prohibition found in the ICAA.

15.. Plaintiff's claim is typical of the claims of the members of each class. All of these claims based on the same factual and legal theories.

16. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases. (Exhibit B).

17. A class action is superior to other alternative methods of adjudicating this dispute, in that

    a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute;

    b. the resolution of the FDCPA, ICAA and ICFA claims of hundreds of class members in a single proceeding promotes judicial economy and ensures that the rights of class members are adjudicated efficiently; and

    c. a class action is necessary to determine that defendant's conduct is a violation of law and bring about its cessation.

18. In further support of this motion, plaintiff submits a memorandum of law.

19. Plaintiff is filing a class certification motion at this time because of the decision in *White v. Humana Health Plan, Inc.*, 2007 U.S. Dist. LEXIS 32263 (N.D. Ill., May 2, 2007).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

        Respectfully submitted,

        s/ Thomas E. Soule
        Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com