## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LONNIE RANDOLPH, | |
| Plaintiff, | Case No.: 08 CV 3212 |
| v. | Judge Castillo |
| CROWN ASSET MANAGEMENT, LLC, | Magistrate Judge Brown |
| Defendants. | |

### ANSWER

Defendant, CROWN ASSET MANAGEMENT, LLC, ("Defendant"), by its attorneys, David M. Schultz and Todd P. Stelter, for its Answer to Plaintiff's Complaint, states as follows:

### MATTERS COMMON TO MULTIPLE CLAIMS

### INTRODUCTION

1.     This action seeks redress for the conduct of defendant, a debt buyer, in filing collection actions on purported debts to which it did not have lawful title and in fraudulently pretending to be a holder in due course.

**ANSWER:    Defendant admits that plaintiff's complaint purports to seek redress for the conduct of Defendant, a debt buyer, in filing collection actions on purported debts to which it allegedly did not have lawful title and in allegedly fraudulently pretending to be a holder in due course.  Defendant denies filing collection actions on debts to which it did not have lawful title and denies fraudulently pretending to be a holder in due course.  Defendant denies any and all liability, violations and/or wrongdoing under the law. Defendant denies plaintiff is entitled to any redress and denies all remaining allegations contained within this paragraph.**

2.      There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

3.      There are multiple reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt. Smith v. Mallick, 514 F.3d 48 (D.C.Cir.2008)(commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulent] settles debt it no longer owns, settlement held binding because notice of assignment not given, but obligor subjected to litigation as result). See also Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S.Dist. LEXIS 12283 (N.D.Ind., Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918,923 (N.D.Ill.2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt and Northwest Diversified, Inc., v. Desai, 353 Ill. App. 3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

**ANSWER:**      **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

4.      In Wood v. M&J Recovery LLC., CV 05-5564, 2007 U.S.Dist. LEXIS 24157 (E.D.N.Y., April 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved.  Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would

2

only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt. Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

5.    In <u>Associates financial services co. v. Bowman, Heintz, Boscia & Vician, P.C.</u>, IP 99-1725-C-M/S, 2001 U.S.Dist. LEXIS 7874, *9-12 (S.D.Ind., April 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D.Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

6.    An article that appeared in the trade press shortly before the extension of the Illinois Collection Agency Act to debt buyers stated:

> More collection agencies are turning to the debt resale market as a place to pick up accounts to collect on.  Too small to buy portfolios directly from major credit issuers, they look to the secondary market where portfolios are resold in smaller chunks that they can handle.

> But what they sometimes find in the secondary market are horror stories: The same portfolio is sold to multiple buyers; the seller doesn't actually own the portfolio put up for sale; half the accounts are out of statute; accounts are rife with erroneous information; access to documentation is limited or nonexistent ….

Corinna C. Petry, <u>Do Your Homework; Dangers often lay hidden in secondary market debt portfolio offerings.  Here are lessons from the market pros that novices can use to avoid nasty surprises,</u> Collections & Credit Risk, March 2007, pg. 24 Vol. 12 No. 3.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

7.    Courts have also dismissed numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts.  <u>In re Foreclosure Cases,</u>

3

1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D.Ohio Oct. 31, 2007); In re Foreclosure Cases, 07-cv-166 and 18 others, 2007 U.S.Dist. LEXIS 90812 (S.D. Ohio Nov. 27,2007); In re Foreclosure Cases, 521 F. Supp. 2d 650 (S.D.Ohio. 2007);   In re Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D.Ohio, Dec. 27, 2007); NovaStar Mortgage. Inc. v. Riley, 3:07-CY-397, 2007 U.S. Dist. LEXIS 86216 (S.D.Ohio, Nov. 21, 2007); NovaStar Mortgage. Inc. v. Grooms. 3:07-CY-395, 2007 U.S. Dist. LEXIS 86214 (S.D.Ohio., Nov. 21, 2007); HSBC Bank USA v. Rayford. 3:07-CV-428, 2007 U.S. Dist LEXIS 86215 (S.D.Ohio., Nov. 21, 2007); Everhome Mtge. Co. v. Rowland. 2008 Ohio 1282; 2008 Ohio App. LEXJS 1103 (Ohio App. March 20,2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.LJ. 16 (Kings Co., N.Y., Sup. Ct., Jan. 14.2008); HSBC Bank USA. N.A. v. Valentin. 15968/07,2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct.. January 30,2008); HSBC Bank USA. N.A., v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239N.Y.LJ. 2 (Kings Co., N.Y. Sup. Ct., Dec. 17,2007); Deutsche Bank National Trust Co. v. Castellanos. 15 Misc. 3d I 134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y. Sup. Ct. 2007).

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

8.    Debt buyer American Acceptance filed a lawsuit alleging that a broker of charged-off debts sold it debts to which it did not have title. American Acceptance Co. v. Goldberg. 2:08cv9 (N.D.lnd.). Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt

broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account. even though it didn't own them. Hudson & Keyse. LLC v. Goldberg & Associates. LLC. 07-8 I 047-civ (S.D.Fla., filed Nov. 5, 2007). A similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank, Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM (S.D.Fla., Jan. 24, 2008). The same debt broker is accused in another complaint of selling 6,521 accounts totaling about $40 million face value which it did not own. RMB Holdings. LLC v. Goldberg & Associates. LLC. 3:07-cv-00406 (E.D.Tenn., filed Oct. 29, 2007). Other debt buyers have voiced similar complaints. "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April 2008, p. 8.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

9.    In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies". This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b. Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case is entitled to judgment. Business Service Bureau. Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (41h Dist. 1998).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

10.    Section 8b of the ICAA provides:

> Sec. 8b. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:

6345695v1 889924

(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:

(i) the effective date of the assignment; and

(ii) the consideration for the assignment.

(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.

(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.

(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law ....

**ANSWER:** **Defendant admits that plaintiff's complaint purports to cite a portion of the ICAA. Defendant denies that the ICAA applies to it and denies any remaining allegations contained within this paragraph.**

11.     Furthermore, the assignment must be attached to the complaint. Candice Co. v. Ricketts. 281 Ill App 3d 359,362,666 N.E.2d 722 (1st Dist. 1996).

**ANSWER:** **Defendant denies the allegations contained within this paragraph.**

6345695v1 889924

12.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title ... " 735 ILCS 5/2-403(a).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

13.    Defendant Crown Asset Management, LLC, a debt buyer regulated by the ICAA since January 1,2008, systematically files collection lawsuits without compliance with ICAA §8b and, therefore, without valid claims.

**ANSWER:    Defendant admits that, at times, it buys debt and, at times, is a plaintiff in collection lawsuits filed by licensed counsel.  Defendant denies all remaining allegations contained within this paragraph.**

14.    In this action, plaintiff complains that such practice violates both the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e and 1692f ("FDCPA"), and ICAA §9, as well as the Illinois Consumer Fraud Act, 815 ILCS 50512. (Counts I-III)

**ANSWER:    Defendant admits that plaintiff's complaint purports to allege violations of the FDCPA, ICAA and Illinois Consumer Fraud Act.  Defendant denies violating any portion of the FDCPA, ICAA and/or Illinois Consumer Fraud Act.  Defendant denies violating any law and denies all remaining allegations contained within this paragraph.**

15.    Compounding the fraud involved in suing on debts to which it does not have legal title, in an affidavit attached to each of its collection complaints, Crown Asset Management, LLC attests that it is a holder in due course.

**ANSWER:    Defendant admits that it has executed an affidavit which is attached to certain collection complaints filed by its licensed counsel stating that "Crown is the holder**

7

in due course…"   **Defendant denies all remaining allegations contained within this paragraph.**

16.    Crown Asset Management, LLC is not a holder in due course.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

17.    Plaintiff complains that this misrepresentation violates the FDCPA and ICAA. (Counts IV-V)

**ANSWER:    Defendant admits that plaintiff's complaint purports to allege violations of the FDCPA and ICAA.  Defendant denies violating the FDCPA and/or ICAA and/or any other law.  Defendant denies all remaining allegations contained within this paragraph.**

## VENUE AND JURISDICTION

18.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

**ANSWER:    Defendant admits that this Court has subject matter jurisdiction due to plaintiff's federal question allegations.  Defendant denies any remaining allegations contained within this paragraph.**

19.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendant's collection communications and activities impacted plaintiff within this District;

    b.    Defendant does business or is located within this District.

**ANSWER:    Defendant admits being listed as a plaintiff in lawsuits filed in this District by its licensed counsel.  Defendant denies all remaining allegations contained within this paragraph.**

8

<u>PARTIES</u>

20.     Plaintiff is an individual who resides in the Northern District of Illinois.

**<u>ANSWER:</u>     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

21.     Defendant Crown Asset Management, LLC is a limited liabi1ity company organized under the law of Georgia with its principal office at 3355 Breckinridge Blvd., Suite 132, Duluth, GA 30096.

**<u>ANSWER:</u>     Defendant admits the allegations contained within this paragraph.**

22.     Defendant Crown Asset Management, LLC does business in Illinois. Its registered agent and office are Registered Agent Solutions. Inc., One West Old State Capitol Plaza, Suite 805, Springfield. Illinois 62701.

**<u>ANSWER:</u>     Defendant admits being listed as a plaintiff in lawsuits filed in Illinois by its licensed counsel.  Defendant admits that its registered agent and office are Registered Agent Solutions. Inc., One West Old State Capitol Plaza, Suite 805, Springfield. Illinois 62701.  Defendant denies any remaining allegations contained within this paragraph.**

23.     Defendant Crown Asset Management, LLC is engaged in the business of purchasing charged-off consumer debts and enforcing the debts against the consumers.

**<u>ANSWER:</u>     Defendant admits that, at times, it buys charged-off consumer debts, and admits being listed as plaintiff is lawsuits filed by its licensed counsel.  Defendant denies any remaining allegations contained within this paragraph.**

24.     Defendant     Crown     Asset     Management,     LLC     has     a     Web     site, www.crownasset.com,. where it states that "The Sales and Acquisitions Team at Crown Asset Management has sourced, negotiated, and acquired in excess of $3.0 billion in charged-off receivables since 2003." The Web site further describes Crown's business as follows:

9

Crown Asset Management, LLC, a Georgia Limited Liability Company, is a professional receivables management and consulting firm whose members have extensive experience in acquiring, collecting, and liquidating consumer receivables. The managing members of Crown have over 25 years of experience in the receivables industry.

Crown serves its clients by analyzing receivables portfolios, negotiating the purchase and sale of receivables, and supervising its network of collections agencies and law firms performing collections. Crown has developed and currently maintains a program of continuous supervision of its agencies and law firms around the country with regular on-site visits to ensure quality service to its clients. Crown approaches each receivables portfolio as unique and develops necessary strategies to obtain the highest liquidations and maximize client returns.

**ANSWER:    Defendant admits that http://www.crownasset.com is affiliated with it and admits that plaintiff has cited to an out-of-context and incomplete portion of the website. Defendant denies any remaining allegations contained within this paragraph.**

25.    The Web site also states:

What We Purchase

Crown Asset Management offers an efficient, profitable alternative for any credit issuers or debt buyer looking to sell charged-off receivables such as:

Credit Cards, Consumer Loans, and Deficiency Balances Crown Asset Management will purchase receivables at multiple levels of delinquency.

Fresh, Primary, Secondary, Tertiary, Judgments and Bankrupt accounts

**ANSWER:    Defendant admits that http://www.crownasset.com is affiliated with it and admits that plaintiff has cited to an out-of-context and incomplete portion of the website. Defendant denies any remaining allegations contained within this paragraph.**

26.    Defendant Crown Asset Management, LLC has filed, since January 1, 2008, dozens of lawsuits against residents of Illinois.

6345695v1 889924

**ANSWER:    Defendant admits being named plaintiff in lawsuits filed by its licensed counsel in Illinois since January 1, 2008.    Defendant denies all remaining allegations contained within this paragraph.**

27.    On information and belief, defendant Crown Asset Management, LLC pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

28.    Defendant Crown Asset Management, LLC regularly uses the mails and telephones to conduct its business.

**ANSWER:    Defendant admits that, at times, it uses mail and telephone in conducting business.    Defendant denies any remaining allegations contained within this paragraph.**

29.    Defendant Crown Asset Management, LLC has been the plaintiff in more than 100 Illinois lawsuits filed since January 1, 2008 and seeking to collect consumer debts.

**ANSWER:    Defendant admits the allegations contained within this paragraph.**

30.    Because the purported obligations were originally owed to other entities and were charged off prior to purchase, Crown Asset Management, LLC is a "debt collector" as defined in the FDCPA.

**ANSWER:    Defendant admits being named plaintiff in collection lawsuits filed by its licensed counsel.    Defendant admits that some debt that it has purchased was originally owed to other entities and some was charged off prior to purchase.    Defendant denies any remaining allegations contained within this paragraph.**

11

### FACTS RELATING TO PLAINTIFF

31.    On or about April 29, 2008, Crown Asset Management, LLC filed suit against plaintiff Lonnie Randolph in the Circuit Court of Cook County to collect a purported debt incurred for personal, family or household purposes. Crown Asset Management, LLC claimed to have purchased the debt.

**ANSWER:    Defendant admits that on or about April 29, 2008, it was named plaintiff in a suit filed by its licensed counsel against Lonnie Randolph in the Circuit Court of Cook County that prayed "for judgment against [Lonnie Randolph] for payment of his debt. Defendant admits that it owned plaintiff's debt. Defendant admits that the debt was a "charge account and/or line of credit" originated with Bank of America, NA. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as to whether plaintiff incurred his debt for personal, family or household purposes. Defendant denies any remaining allegations contained within this paragraph.**

32.    The complaint did not attach any sort of assignment.

**ANSWER:    Defendant denies that any sort of assignment was required to be attached to the complaint and denies all remaining allegations contained within this paragraph.**

33.    On information and belief, defendant did not have an assignment that complied with §8b of the Collection Agency Act.

**ANSWER:    Defendant denies that §8b of the Collection Agency Act is applicable and denies all remaining allegations contained within this paragraph.**

34.    Defendant therefore did not have any sort of valid claim and knew or should have known that it did not have a valid claim.

12

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

35.    The complaint described the debt as a "charge account and/or line of credit." (Exhibit A)

**ANSWER:    Defendant admits that the complaint states "The Defendant(s) utilized a charge account and/or line of credit."  Defendant denies any remaining allegations contained within this paragraph.**

36.    The complaint did attach a purported "business records affidavit," attached hereto as Exhibit B.

**ANSWER:    Defendant admits the allegations contained within this paragraph.**

37.    The "business records affidavit" stated that "Crown is the holder in due course and assignee of the above-referenced account .... "

**ANSWER:    Defendant admits the allegations contained within this paragraph.**

38.    The concept of a holder in due course does not apply to a purported debt that does not consist of a negotiable instrument.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

39.    Furthermore, even where a negotiable instrument is involved, a debt buyer such as Crown is never a holder in due course, as a holder in due course is defined (810 ILCS 5/3- 302) as "the holder of an instrument if: ... the holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, .... " Crown purchases debts which are "overdue." See Kurt Eggert, Held Up in Due Course: Predatory Lending. Securitization and the Holder in Due Course Doctrine. 35 Creighton L. Rev. 503,528,531-32 (2002).

6345695v1 889924

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

### FACTS -GENERAL

40.    Defendant Crown Asset Management, LLC regularly files lawsuits on debts it claims to have purchased without having an assignment that complies with §8b of the Collection Agency Act, and therefore, without a valid claim.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

41.    Defendant knows or should know it has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

42.    On information and belief. based on a computer search of court records, defendant has filed over 100 such lawsuits.

**ANSWER:**    **Defendant admits that it is named plaintiff in lawsuits filed by its licensed counsel.    Defendant denies all remaining allegations contained within this paragraph.**

43.    On information and belief, defendant regularly attaches to its complaints a "business records affidavit" that attests to the untrue "fact" that defendant is a "holder in due course. "

**ANSWER:**    **Defendant admits that, at times, a business records affidavit is attached to complaints filed by its licensed counsel that states "Crown is a holder in due course…" Defendant denies all remaining allegations contained within this paragraph.**

### CLASS ALLEGATIONS - COUNTS I-III

44.    Plaintiff brings these claims on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant Crown Asset

6345695v1 889924

Management, LLC filed a collection lawsuit (c) in Illinois (d) subsequent to January I, 2008, (e) without attaching to the complaint an assignment that complied with §8b of the ICAA.

**ANSWER:     Defendant denies that a class should be certified in this case, denies that a class is proper, denies that a class exists and denies violating any laws.**

45.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:     Defendant denies the allegations contained within this paragraph.**

46.     On information and belief, there are at least 40 individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit in Illinois subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with §8b of the ICAA.

**ANSWER:     Defendant denies the allegations contained within this paragraph.**

47.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.     Whether defendant engages in a practice of filing lawsuits without attaching to the complaint an assignment that complied with §8b of the ICAA.

      b.     Whether such lawsuits are therefore subject to a defense of which defendant knows or should know about.

      c.     Whether such practice is an unfair or deceptive.

      d.     Whether defendant violates the ICAA.

**ANSWER:     Defendant denies the allegations contained within this paragraph.**

48.     Plaintiff's claim is typical of the claims of the class members: All are based on the same factual and legal theories.

**ANSWER:     Defendant denies the allegations contained within this paragraph.**

15

49.     Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDC litigation.

**ANSWER:**     **Defendant denies the allegations contained within this paragraph.**

50.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**     **Defendant denies the allegations contained within this paragraph.**

## CLASS ALLEGATIONS - COUNTS IV-V

51.     Plaintiff brings these claims on behalf of a class, pursuant to Fed.R.Civ.P.23(a) and 23(b)(3). The class consists of (a) all individuals (b) against whom defendant Crown Asset Management, LLC filed a collection lawsuit (c) in Illinois (d) during a period beginning one year (Count IV) or five years (Count V) prior to the filing of this action and ending 20 days after the filing of this action, (e) in which it filed a "business records affidavit" representing that Crown was a "holder in due course."

**ANSWER:**     **Defendant denies that a class should be certified in this case, denies that a class is proper, denies that a class exists and denies violating any laws.**

52.     The class is so numerous that joinder of all members is not practicable.

**ANSWER:**     **Defendant denies the allegations contained within this paragraph.**

53.     On information and belief, there are at least 40 individuals against whom defendant Crown Asset Management. LLC filed a collection lawsuit in Illinois during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this

16

action. in which it filed a "business records affidavit" representing that Crown was a "holder in due course."

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

54.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

      a.    Whether defendant engages in a practice of representing that it is a "holder in due course."

      b.    Whether such representation is false.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

55.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

56.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

57.    A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.    Individual actions are not economically feasible.

      b.    Members of the class are likely to be unaware of their rights;

      c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

58.    Plaintiff incorporates paragraphs 1-50.

17

**ANSWER:    Defendant incorporates its responses to paragraphs 1-50.**

59.    The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e. 1692e(2), I 692e(5), and I 692e(1O), and an unfair collection practice, in violation of 15 U.S.C. § 1692f.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

60.    Since <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1488 (M.D. Ala. 1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

61.    In addition, by filing suit defendant misrepresents that it has proper title to the debt and the right to file suit, when this is not true.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

62.    Section 1692e provides:

**§ 1692e.   False or misleading representations [Section 807 of P.L].**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...**

**(2)    The false representation of-**

**(A)    the character, amount, or legal status of any debt; ...**

**(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken ....**

**(10)    The use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer ....**

6345695v1 889924

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to cite a portion of the FDCPA.  Defendant denies violating the FDCPA.**

63.    Section 1692f provides:

**§ 1692f.    Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt ....**

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to cite a portion of the FDCPA.  Defendant denies violating the FDCPA.**

### COUNT II - ILLINOIS COLLECTION AGENCY ACT

64.    Plaintiff incorporates paragraphs 1-50.

**ANSWER:**    **Defendant incorporates its responses to paragraphs 1-50.**

65.    Defendant is a "collection agency" as defined in the ICAA.

**ANSWER:**    **Defendant admits being named plaintiff in lawsuits filed by its licensed counsel.  Defendant denies all remaining allegations contained within this paragraph.**

66.    Section 425/3(d), as amended effective Jan. 1,2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it ... Buys accounts, bills or other indebtedness and engages in collecting the same." Previously coverage was limited to a person who "Buys accounts, bills or other indebtedness with recourse and engages in collecting the same", By deleting with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

19

67.    Defendant violated 225 ILCS 42518b by filing suit without an assignment in the form specified therein.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

68.    Defendant negligently or knowingly violated the following provisions of 225 ILCS 425/9:

**... (20) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist. ...**

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

69.    A private right of action exists for violation of the ICAA. Sherman v. Field Clinic. 74 Ill. App. 3d 21, 392 N.E.2d 154 (111 Dist. 1979).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

70.    Plaintiff and the members of the class were damaged as a result.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

## COUNT III - ILLINOIS CONSUMER FRAUD ACT

71.    Plaintiff incorporates paragraphs 1-50.

**ANSWER:    Defendant incorporates its responses to paragraphs 1-50.**

72.    Defendant's conduct as set forth above constitutes both unfair and deceptive acts and practices, in violation of §2 of the Illinois Consumer Fraud Act. 815 ILCS 50512.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

73.    Defendant engaged in such conduct in the course of trade and commerce.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

74.    Defendant engaged in such conduct for the purpose of obtaining money tram and injuring the credit of plaintiff and others.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

6345695v1 889924

75.    Plaintiff and the members of the class were damaged as a result.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

76.    The filing of collection lawsuits is regularly picked up and reported by credit bureaus.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

**COUNT IV - FAIR DEBT COLLECTION PRACTICES ACT**

77.    Plaintiff incorporates paragraphs 1-43 and 51-57.

**ANSWER:    Defendant incorporates its responses to paragraphs 1-43 and 51-57.**

78.    The representation that Crown is a "holder in due course" is false, in violation of I5 U.SC. §§1692e, 1692e(2), 1692e(6), and 1692e(10).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

79.    Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: •••**

**(2)    The false representation of-**

**(A)    the character, amount, or legal status of any debt; ...**

**(6)    The false representation or implication that a sale, referral, or other   transfer of any interest in a debt shall cause the consumer to-**

**(A)    lose any claim or defense to payment of the debt; ...**

**(10) The use of any false representation or deceptive means to collect or      attempt to collect any debt or to obtain information concerning a consumer      ....**

21

**ANSWER:**    **Defendant admits that plaintiff's complaint purports to cite a portion**

of the FDCPA.  **Defendant denies violating the FDCPA.**

### COUNT V - ILLINOIS COLLECTION AGENCY ACT

80.    Plaintiff incorporates paragraphs 1-43, 51-57, and 65-66.

**ANSWER:**    **Defendant incorporates its responses to paragraphs 1-43, 51-57, and**

**65-66.**

81.    Defendant negligently or knowingly violated the following provisions of 225

ILCS 425/9:

> …(20) Attempting or threatening to enforce a right or remedy
> with knowledge or reason to know that the right or remedy
> does not exist. ...
>
> (31) Engaging in dishonorable, unethical, or unprofessional
> conduct of a character likely to deceive, defraud, or harm the
> public.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

82.    A private right of action exists for violation of the ICAA. Sherman v. Field Clinic,

74 Ill. App. 3d 21.392 N.E.2d 154 (1st Dist. 1979).

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

83.    Plaintiff was damaged as a result.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**


**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor

against plaintiff as follows:

> 1. Dismissing all causes of action against defendant with prejudice and on the
>    merits; and

22

2. Awarding defendant such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

Defendant, CROWN ASSET MANAGEMENT, LLC, ("Defendant"), by its attorneys, David M. Schultz and Todd P. Stelter, for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, if applicable, which defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Upon information and belief, plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

### FOURTH DEFENSE

Plaintiff's claims are barred by his lack of standing.  To obtain standing to assert claims under the Illinois Collection Agency Act and/or Illinois Consumer Fraud Act, plaintiff must suffer actual damages.  Plaintiff has suffered no actual damages.

### FIFTH DEFENSE

The Illinois Collection Agency Act provides for no private right of action.

6345695v1 889924

## SIXTH DEFENSE

Defendant is protected by litigation privilege and is granted absolute immunity from claims arising out of the method and manner in which Illinois state court pleadings are drafted, constructed and/or filed.

## SEVENTH DEFENSE

Defendant states that plaintiff's claims are barred by the *Colorado River* doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

## EIGHTH DEFENSE

Defendant states that under the Noerr-Pennington doctrine, it is immune from suit under the FDCPA for pursuing state court litigation against plaintiff. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127 (1961) and *United Mine Workers v. Pennington,* 381 U.S. 657 (1965) and *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508 (1972).

## NINTH AFFIRMATIVE DEFENSE

Defendant states that upon judgment being entered in its favor in the underlying state court case, plaintiff's claims in this case will be barred in part, or in whole, by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

## TENTH AFFIRMATIVE DEFENSE

Defendant states that upon judgment being in its favor in the underlying state court case, plaintiff's claims in this case will barred in part, or in whole, by the doctrines of res judicata and collateral estoppel.

6345695v1 889924

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against plaintiff as follows:

1. Dismissing all causes of action against defendant with prejudice and on the merits; and

2. Awarding defendant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By:_____s/Todd P. Stelter_____

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

25

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONNIE RANDOLPH, | |
| Plaintiff, | Case No.: 08 CV 3212 |
| v. | Judge Castillo |
| CROWN ASSET MANAGEMENT, LLC, | Magistrate Judge Brown |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2008, I electronically filed **ANSWER & AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Dan Edelman**
dedelman@edcombs.com

Respectfully submitted,

By:_____s/Todd P. Stelter_____

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

6345695v1 889924