IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LONNIE RANDOLPH, individually and on behalf of the classes defined herein, <br><br> Plaintiff, <br><br> v. <br><br> CROWN ASSET MANAGEMENT, LLC, <br><br> Defendant. | 1 : 08 CV 3212 <br> Judge Castillo <br> Magistrate Judge Brown |

**INITIAL STATUS REPORT**

The parties having conducted a conference pursuant to Fed.R.Civ.P. 26(f), with Thomas E. Soule (counsel for plaintiff Lonnie Randolph) and Todd P. Stelter (counsel for defendant Crown Asset Management, LLC) participating in the conference by telephone on July 30, 2008, now present to this Court an initial status report.

*A.     Nature of the Case*

The claims of Lonnie Randolph are brought under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq* ("FDCPA"), the Illinois Collection Agency Act, 225 ILCS 425 *et seq.* ("ICAA"), and the Illinois Consumer Fraud Act, 815 ILCS 505 *et seq.* ("ICFA"). His claims, made in five separate counts, are made on the behalf of himself and classes of similarly situated persons as defined in his complaint and a motion for class certification.

Crown Asset Management ("Crown") has filed a responsive pleading. Crown denies that it violated any law or did anything wrong, and denies that it is liable in any way.

This Court has subject-matter jurisdiction under 15 U.S.C. §1692k and 28 U.S.C.

§§1331, 1337 and 1367.

Mr. Randolph's claims arise from a complaint filed against him by Crown in the Circuit Court of Cook County (Case No. 08 M1 134418 (Cook Co. Cir. Ct.)), in an effort to collect on an alleged consumer debt and in the course of trade and commerce. Mr. Randolph claims here that Crown brought its lawsuit without having been assigned the alleged debt or providing proof of such an assignment. Mr. Randolph also claims that Crown made a false statement within a "business records affidavit" attached to Crown's lawsuit against Mr. Randolph.

In the pending collection action, Mr. Randolph has brought a motion to dismiss, which is currently set for hearing on August 19, 2008.

In this action, Mr. Randolph is seeking actual, statutory, compensatory and punitive damages, as well as attorney's fees and costs of suit for himself and the putative classes alleged in his complaint, under the FDCPA, ICAA and ICFA.

The major issues to be resolved in this case are

- whether the classes Mr. Randolph seeks to represent should be certified,

- whether the collection action brought by Crown was proper,

- whether Crown was properly assigned the debt allegedly owed by Mr. Randolph,

- whether Crown was a "holder in due course" as it claimed in its collection lawsuit against Mr. Randolph,

- whether Crown's actions constitute violations of the FDCPA, ICAA and ICFA, and

- whether Crown's alleged violation of the law resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

*B.*   ***Draft Scheduling Order***

    The parties propose the following as a case management schedule:

1. Fed.R.Civ.P. 26(a)(1) disclosures will be exchanged by September 5, 2008.

2. Additional parties may be joined, and pleadings may be amended, by motions filed on or before November 7, 2008.

3. The parties at this time do not anticipate that expert testimony will be required.

4. All discovery shall be completed by January 30, 2009.

5. The parties shall file summary judgment motions on or before February 22, 2009. Motions for summary judgment shall comply with this Court's standing order requiring an exchange of correspondence between counsel with respect to the content of the motions; letters complying with the standing order shall be sent by counsel for the parties no later than February 8, 2009.

6. Defendant shall file a response to the pending motion for class certification by October 10, 2008, with plaintiff filing a reply brief by October 24, 2008.

7. The parties shall work cooperatively, and pursuant to Fed.R.Civ.P. 37 and Local Rule 37.2, to resolve discovery disputes, including disputes relating to electronically-stored information and issues of privilege. With respect to electronically-stored information, the parties represent that any such information will be produced in a manner that is efficient and legible, and that all data maintained electronically shall be preserved.

8. This Court shall hold a further hearing on the status of this case on November 19, 2008, at 9:45 a.m., at which time the parties shall report on the progress of discovery and other matters relating to the case.

9. A trial date, and deadlines for submission of a pre-trial order and conducting a final pre-trial conference will be set upon the resolution of summary judgment motions, if any.

*C.*   ***Trial Status***

    A jury has been requested in this case. The parties anticipate that the trial of this matter will take one week to complete.

**D.    *Consent to Proceed Before a Magistrate Judge***

The parties do not unanimously consent to the jurisdiction of a magistrate judge.

**E.    *Settlement Status***

The parties have had preliminary discussions of settlement, but have positions that are far apart. The parties undertake to contact the assigned magistrate judge if they find that a settlement conference may be beneficial.

Respectfully submitted,


/s/ Thomas E. Soule
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

/s/ Todd P. Stelter
David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON, LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
tstelter@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Thomas E. Soule, hereby certify that on July 30, 2008, the preceding document was filed electronically and served upon David Schultz (dschultz@hinshawlaw.com) and Todd Stelter (tstelter@hinshawlaw.com) on the same date by operation of the Court's electronic filing system.

/s/ Thomas E. Soule
Thomas E. Soule