IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LONNIE RANDOLPH, individually )
and on behalf of the class defined herein, )
)
Plaintiff, )
) Case No. 08 C 3212
v. )
) Judge Ruben Castillo
CROWN ASSET MANAGEMENT, )
LLC, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Lonnie Randolph ("Plaintiff") brings this purported class action alleging violations by Crown Asset Management, LLC ("Defendant"), of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425 *et seq*; and the Illinois Consumer Fraud Act ("IFCA"), 815 ILCS 505 *et seq*. (R. 27, Ex. 1, Am. Compl.) Currently before the Court is Plaintiff's motion to certify three classes pursuant to Federal Rule of Civil Procedure 23. (R. 11, Pl.'s Mot. for Class Cert.) For the following reasons, the motion is granted.

### BACKGROUND

On or about April 29, 2008, Defendant filed suit against Plaintiff in the Circuit Court of Cook County to collect a debt Defendant claims to have purchased. (R. 27, Ex. 1, Am. Compl. ¶ 36.) The state court complaint alleges that Plaintiff "utilized a charge account and/or line of

1

credit," and failed to pay for the indebtedness incurred resulting in Plaintiff owing a balance of $12,602.69. (*Id.*, Ex. B, Compl. ¶¶ 1-2.)

Plaintiff alleges that the complaint did not attach any assignment as required by the ICAA. (*Id.*, Ex. 1, Am. Compl. ¶ 32.) Plaintiff further alleges that in attempting to enforce this debt against him Defendant violated the ICAA, the ICFA, and the FDCPA by "filing collection actions on purported debts to which it did not have lawful title," "fraudulently pretending to be a holder in due course, and in acting as a collection agency without a required license from the State of Illinois." (*Id.* ¶¶ 9-17.) Plaintiff seeks to bring these claims on behalf of other similarly situated individuals and requests that this Court certify three classes defined as follows:

> Class One: "all individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit in Illinois, subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with § 8b of the Illinois Collection Agency Act."[1]
>
> Class Two: "all individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit, in Illinois, during a period beginning June 3, 2007 (one year prior to the filing of this action) and ending June 23, 2008, in which it filed a 'business records affidavit' representing that Crown was a 'holder in due course.'" (*Id.*)
>
> Class Three: "all individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit, in Illinois, during a period beginning June 3, 2003 (five years prior to the filing of this action) and ending June 23, 2008, in which it filed a 'business records affidavit' representing that Crown was a 'holder in due course.'" (*Id.*)

(R. 11, Pl.'s Mot. for Class Cert. at 1.) Class One consists of class members with claims under the FDCPA, ICAA or ICFA. Class Two consists of class members with claims solely under the

---

[1] In the Amended Complaint, Plaintiffs bring an additional claim that Defendant was not a properly licensed debt collector under the ICAA. (R. 27, Ex. 1, Am. Compl. ¶¶ 13-18.) All Class One members with a claim regarding the complaint without an assignment would additionally have this claim in common.

2

FDCPA, and Class Three consists of class members with claims solely under the ICAA. (*Id.* at 10-11).

## LEGAL STANDARD

A plaintiff seeking class certification has the burden of proving that the proposed class meets the requirements of Rule 23. *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). A class may be certified if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Failure to meet any of the requirements of Rule 23(a) precludes class certification. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993). Once these prerequisites are met, the potential class must also satisfy at least one provision of Rule 23(b). *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). Rule 23(b) requires a plaintiff to demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court has "broad discretion" to determine whether the proposed class meets the requirements of Rule 23. *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001) (citation omitted).

In deciding whether to certify a class, the court may probe beyond the pleadings to make whatever factual or legal inquiries are necessary to determine whether class treatment is appropriate. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). However, the Court must evaluate the class certification motion without regard to the ultimate merits of

3

Plaintiff's claims.[2] *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 835 (N.D. Ill. 2008).

## ANALYSIS

Plaintiff argues that all three of the proposed classes meet the requirements of Rule 23(a) and Rule 23(b)(3). (R. 11, Pl.'s Mot. for Class Cert. ¶ 10.) Defendant contends, however, that "plaintiff has failed to meet his burden to demonstrate *any* of Rule 23's elements, including numerosity and adequacy."[3] (R. 22, Resp. in Opp'n to Mot. for Class Cert. ("Def.'s Resp.") at 13.) Defendant argues that all of the classes lack commonality and typicality, that individual issues predominate over common questions of law and fact, and that class treatment is not superior for all three classes because "pending litigation concerning the same controversy already exists or existed." (*Id.* at 2.)

### I. Rule 23(a)

#### A. Numerosity

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As few as forty class members can render joinder impractical, especially when the members are "widely scattered and their holdings are generally too small to warrant undertaking individual actions." *Murray v. E*Trade Fin. Corp.*, 240 F.R.D. 392, 396 (N.D. Ill. 2006). Courts rely on common sense to

---

[2] Although Defendant has cited several recent cases which address the merits of Plaintiff's potential claims, the issue of whether Plaintiff will ultimately prevail on claims under the FDCPA, ICAA and ICFA are not issues that can be decided in the context of a motion for class certification.

[3] Defendant does not make any specific arguments to challenge the Rule 23(a) requirements of numerosity and adequacy.

4

determine whether an estimate of class size is reasonable and meets the numerosity requirement. *See Ringswald v. County of DuPage*, 196 F.R.D. 509, 511-12 (N.D. Ill. 2000). In this case, Plaintiff states "that 341 lawsuits were filed . . . naming [Defendant] as a plaintiff and containing an affidavit similar to that complained of in . . . [Plaintiff's] complaint." (R. 30, Pl.'s Reply, Ex. 1 at 10.) We find that joinder of potentially hundreds of these suits is impractical, therefore the proposed classes meet the numerosity requirement.

### B. Commonality

The second requirement under Rule 23(a) is that the plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement is satisfied where the claims of individual class members arise from a "common nucleus of operative fact" such that resolution of common questions affect all or substantially all of the class members. *Rosario*, 963 F.2d at 1018. Not all factual or legal questions raised in the litigation need to be common if at least one issue is common to all class members. *Thomas v. Arrow Fin. Servs.*, No. 05C5699, 2006 U.S. Dist. LEXIS 63156, at *7 (N.D. Ill. Aug. 17, 2006).

Defendant argues that the three classes do not share commonality because "each putative class member's claims and various defenses hinge on individualized documentary and testimonial evidence." (R. 22, Def.'s Resp. at 6.) The Court finds, however, that there are common questions of law and fact for each class. Common questions of fact are typically found when "the defendants have engaged in standardized conduct towards the members of the proposed class." *Keele v. Wexler*, 149 F.3d 589 (7th Cir. 1998). Here, the complaint is based on Defendant's standardized conduct of allegedly filing complaints without assignments, not being a licenced debt collector, and falsely representing itself as a holder in due course. (R. 11, Pl.'s

5

Mot. for Class Cert. ¶ 10.) Moreover, there are common legal questions regarding whether Defendant's conduct violated the FDCPA, ICAA and ICFA. (*Id.*) Accordingly, commonality is satisfied.

### C. Typicality

The third Rule 23(a) requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A plaintiff's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *Retired Chi. Police Ass'n*, 7 F.3d at 597. Typicality is determined with reference to the defendant's conduct and the plaintiff's legal theory. *Wagner v. Nutrasweet Co.*, 95 F.3d 527, 534 (7th Cir.1996); *Rosario*, 963 F.2d at 1018. Whether Plaintiff's claims are typical under Rule 23(a)(3) is closely related to the question of commonality. *Keele*, 149 F.3d at 594.

Defendant argues that Plaintiff's claim is not typical of the members of the proposed classes because his debt was "a business debt rather than a personal family or household debt" covered under the FDCPA and that this "peculiar factual situation" provides a defense unique from other class members. (R. 22, Def.'s Resp. at 9-10.) The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject to the transaction are *primarily* for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5) (emphasis added). Plaintiff claims that the debt was incurred for "personal, family or household purposes." (*See* R. 22, Def's Resp., Ex. 3, Dep. of Plaintiff at 54-55.) Defendant argues that the underlying debt was business related and cites a $60.00 charge

6

from what appears to be an insurance certification class. (R. 22, Def.'s Resp. at 3, 9-10 & Ex. 3 Dep. of Plaintiff at 44-47, 60-65.) The total amount of debt claimed by Defendant in the state court action is $12,602.69. (R. 27, Ex. B, Compl. ¶ 3.) A $60.00 business related expense does not establish that the card was not *primarily* used for personal, family, or household purposes. Therefore, Plaintiff's debt meets the definition of "debt" provided in the FDCPA and does not destroy typicality. Furthermore, the existence of a unique defense does not preclud a finding of typicality. *Wagner*, 95 F.3d at 534 ("Typicality under Rule 23(a) should be determined with reference to [Defendant's] actions, not with respect to particularized defenses it might have against certain class members."). Plaintiff's claims are typical of the members of the proposed classes.

### D. Adequacy

Rule 23(a)(4) requires that the class representative be able to fairly and adequately represent the interests of the absent class members. Fed. R. Civ. P. 23(a)(4). To determine if the adequacy requirement has been met, the Court must ask whether the named Plaintiff: "(1) has antagonistic or conflicting claims with other members of the class; (2) has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is competent, qualified, experienced and able to vigorously conduct the litigation." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007). The Court finds that Plaintiff is an adequate class representative. Plaintiff has the same interest as class members in pursuing relief against Defendant for the alleged violations of state and federal law. In addition, he has demonstrated that he understands his claims and that he has a responsibility to class members. (R. 22, Def's Resp., Ex. 3, Dep. of Plaintiff at 17-22 & 35.) Furthermore, we find that Edelman, Combs,

Latturner & Goodwin, LLC is qualified to serve as class counsel in this litigation. (*See* R. 12, Mem in Support of Pl.'s Mot. for Class Cert. ("Pl.'s Mem"), Ex. B. Decl. of Daniel A. Edelman; *see also Murray v. New Cingular Wireless Servs.*, 232 F.R.D. 295, 301 (N.D. Ill. 2005) ("Edelman Combs is extremely experienced in the field of consumer class actions."). The Court finds that adequacy has been met, therefore Plaintiff has satisfied all of the Rule 23(a) requirements for class certification.

## II. Rule 23(b)(3)

Rule 23(b)(3) requires that a plaintiff show that "questions of law and fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

### A. Predominance

The Rule 23(b)(3) predominance requirement is more demanding than Rule 23(a)'s commonality requirement. *Anchem Prods. Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). A determination of predominance requires the Court to inquire how the case will be tried. *Hyderi v. Washington Mutual Bank*, 235 F.R.D. 390, 398 (N.D. Ill. 2007). "This entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class." *Id.* (internal citation omitted). If individual issues predominate, then class certification is usually not a superior method for resolving the controversy, since management of such issues by a court will not be efficient. *Cicilline*, 542 F. Supp. 2d at 837.

Defendant argues that class certification is not appropriate for Class One and Class Three because both the ICAA and ICFA "require actual damages to be proven *individually* by each and every class member."[4] (R. 22, Def.'s Resp. at 5.) The ICAA and ICFA require the plaintiff to show actual damages. *See McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 751-52 (N.D. Ill. 2003) (ICAA); *Avery v. State Farm Mut. Auto Ins. Co.*, 835 N.E.2d 801, 859 (Ill. 2005) (ICFA). This requirement, however, does not necessarily preclude class certification.[5] *See Thomas*, 2006 U.S. Dist. LEXIS 63156 at *13 ("The presence of individual issues will not necessarily defeat class certification where there exists a predominating question of law or fact.") (citation omitted). Moreover, the Seventh Circuit has explained that "there is a big difference from the standpoint of manageability between the liability and remedy phases of a class litigation." *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("[I]t may be that if and when defendants are determined to have violated the law separate proceedings of some character will be required to determine the entitlements of the individual class members to relief.") Class certification, therefore, will not be denied on the sole basis of damages issues. Instead, the Court will determine if a predominating question of law or fact exists.

---

[4] Defendant makes similar arguments as a basis for denial under the commonality and typicality requirements of Rule 23(a), (R. 22, Def.'s Resp. at 5-8), and the superiority requirement of 23(b)(3). (*Id.* at 12.) The Court, however, finds it most appropriate to address these arguments under the predominance analysis.

[5] A number of courts have certified class actions for alleged violations of the ICAA and ICFA. *See, e.g., Heckert v. MRC Receivables Corp.*, No. 08C760, 2008 U.S. Dist. LEXIS 98159 (N.D. Ill. Dec. 1, 2008) (ICAA); *Morris v. Risk Management Alternatives, Inc.*, 203 F.R.D. 336 (N.D. Ill. 2001) (ICAA); *Ramirez v. Smart Corp.*, 863 N.E.2d 800 (Ill. App. Ct. 2007) (ICFA); *P.J.'s Concrete Plumbing Serv., Inc., v. Nextel West Corp.*, 803 N.E.2d 1020 (Ill. App. Ct. 2004) (ICFA).

Defendant argues that predominance does not exist because "[E]very pleading and its attachment will require individual inquiry." (R. 22, Def.'s Resp. at 12.) The Court disagrees. Plaintiff's claims are based on standardized form complaints and supporting affidavits.[6] (R. 30, Pl.'s Reply in Supp. of Mot. for Class Cert ("Pl.'s Reply"), Ex. 3.) "Claims arising out of standard documents present a classic case for treatment as a class action." *Murray*, 232 F.R.D. at 299. Furthermore, some variation between class members may exist. *Heckert*, 2008 U.S. Dist. LEXIS 98159 at *15. The Court finds, however, that "there is no evidence that resolution of these individual issues will consume more time or resources than the resolution of common issues in the case." *Id.* at *18. The predominating issue in this case is whether Defendant's standardized complaints violated the FDCPA, ICAA and ICFA. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class." *P.J.'s Concrete Plumbing Serv., Inc.*, 803 N.E.2d 1020 at 1029. Plaintiff's claims share a common factual basis; a ruling from the Court will make a legal determination applicable to all class members. The Court therefore finds that the predominance requirement is met.

### B. Superiority

The final requirement is that the proposed classes meet the Rule 23(b)(3) superiority requirement.[7] "A class action is superior where potential damages may be too insignificant to

---

[6] The identity of the alleged debtor and the amount claimed appear to be the only significant difference between the complaints. *Id.*

[7] Defendant argues class certification is not superior because it would create "a collateral attack on multiple state court judgments." (R. 22, Def.'s Resp. at 13.) The Court considers this an argument under the *Rooker-Feldman* doctrine and will not address the merits in the context of this motion for class certification.

provide class members with incentive to pursue a claim individually." *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 290 (N.D. Ill. 2005). Class actions are particularly appropriate for actions involving the ICAA, ICFA and FDCPA. *See Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 880 (7th Cir. 2000) ("Because [FDCPA cases] are small-stakes cases, a class suit is the best, and perhaps only way to proceed."); *see also Smith v. Short Term Loans, LLC*, No. 99C1288, 2001 U.S. Dist. LEXIS 1554 (N.D. Ill. Feb. 14, 2001) ("Where, as here, the defendant engaged in standardized conduct . . . that affected many consumers, but where an individual consumer's claim would be too small to justify bringing an individual suit, a class action is particularly suited to the resolution of the consumers' claims.")

Furthermore, the Seventh Circuit has noted that although the FDCPA allows for individual recoveries, this assumes that the plaintiff is aware of his or her rights, willing to be subjected to litigation and able to find an attorney to take the case. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). "These are considerations that cannot be dismissed lightly in assessing whether a class action or a series of individual lawsuits would be more appropriate for pursuing the FDCPA's objectives." *Id.* Accordingly, in this case the Court finds that a class action is the superior method to resolve this claim.

## CONCLUSION

For the reasons set forth above, we find that Plaintiff has successfully demonstrated that the proposed classes satisfy the requirements of Rule 23(a) and Rule 23(b)(3). Plaintiff's motion for class certification (R. 11) is therefore GRANTED. The Court will permit Plaintiff to represent the following classes:

11

Class One: all individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit in Illinois, subsequent to January 1, 2008, without attaching to the complaint an assignment that complied with § 8b of the Illinois Collection Agency Act.

Class Two: all individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit, in Illinois, during a period beginning June 3, 2007 (one year prior to the filing of this action) and ending June 23, 2008, in which it filed a 'business records affidavit' representing that Crown was a 'holder in due course.'

Class Three: all individuals against whom defendant Crown Asset Management, LLC filed a collection lawsuit, in Illinois, during a period beginning June 3, 2003 (five years prior to the filing of this action) and ending June 23, 2008, in which it filed a 'business records affidavit' representing that Crown was a 'holder in due course.'

The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case. The parties shall appear for a status hearing on **December 30, 2008** at **9:45 a.m.** to set a firm litigation schedule for this case.

ENTERED:

**Ruben Castillo**
**United States District Court**

Dated: December 11, 2008